UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CASE NO.: _____

FAVOUR ADAMS,

    Plaintiff,

v.

GRACIOUS CARE RECOVERY, INC.,

    Defendant,

_____/

## **COMPLAINT**

The Plaintiff FAVOUR ADAMS sues Defendant GRACIOUS CARE RECOVERY, INC. and alleges:

### INTRODUCTION

1. This is an action by Plaintiff FAVOUR ADAMS, under the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"); the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760, to redress injury done to her by the Defendant, GRACIOUS CARE RECOVERY, INC., INC's discriminatory treatment on the basis of race and national origin; and a violation of and Florida Statue §440.205.

### JURISDICTION AND VENUE

2. This is an action for damages brought in excess of $15,000.00, exclusive of interest, attorney's fees and costs.

3. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331

1

and §1343. Plaintiff invokes this Court's supplemental and pendant jurisdiction over Plaintiff's state law claims because they arise out of the same nucleus of operative facts as the federal Case, and pursuant to 28 U.S.C. §§1332 and 1367.

4. The venue of this action is properly placed in the Southern District of Florida, Ft. Lauderdale Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful were committed in Broward County, Florida.

## PARTIES

5. Plaintiff FAVOUR ADAMS ("Adams" or "Plaintiff"), is a resident of Broward County, Florida, who was employed by Defendant and, as a black woman of Curacoan descent, she is a member of certain protected classes of persons.

6. Defendant GRACIOUS CARE RECOVERY, INC., INC ("Gracious Care" or "Defendant"), is a for profit corporation authorized to conduct business in the State of Florida, in Broward County, Florida, and within the jurisdiction of this Court.

## PROCEDURAL REQUIREMENTS

7. All conditions precedent to this action have been fulfilled. Plaintiff dual-filed three Charges of Discrimination with the EEOC, and also with the Florida Commission on Human Relations within 300 days of the alleged violation. To date, over six (6) months have passed since the filing of the complaints. On or about June 18, 2018, the U.S. Equal Employment Opportunity Commission issued to Plaintiff a Dismissal and Notice of Rights with respect to such charge of discrimination, which was received by Plaintiff on June 21, 2018.

STATEMENT OF FACTS

8. Plaintiff was hired to work as a behavioral health technician, by Defendant's Director of Operations, Cheryl Johnson in July 2016 through her unlawful termination in June 2017.

9. During Plaintiff's employment, she was Defendant's only technician of Curacoan descent, and as such was treated differently than the other technicians. However, she was initially treated as a valued employee.

10. Plaintiff was initially hired to a full-time position at pay rate of $11.25 per hour, and her supervisor, Nick, usually scheduled her for approximately 40 hours a week.

11. However, the rehabilitation home that Plaintiff was scheduled to work in was not completed, so she was told that she would be given as many hours as they could, so they didn't lose her. Accordingly, Plaintiff was typically scheduled to work around 30-32 hours per week.

12. After about 60 – 90 days, Plaintiff's rate of pay was increased by Director of Human Resources, Ursula Ogrodnik, to $14.00 per hour because "she had heard good things" about Plaintiff.

13. However, the Defendant's treatment of Plaintiff changed once she met Defendant's owner, Marisa Way, in December 2016.

14. Upon speaking to the Plaintiff and hearing her accent, Ms. Way said that "[Plaintiff's] accent sounded funny," then asked her if she was from Haiti. She also asked

Plaintiff "where are you from because I know its not the United states because you have an accent."

15. Plaintiff did not tell Ms. Way her nationality.

16. When the new schedule came out the following week, Plaintiff's schedule had been reduced to only 16 hours of work.

17. When Plaintiff reached out to her Ms. Johnson to inquire why her hours had been reduced, she was instructed to speak to the owner.

18. Ms. Johnson also told the Plaintiff that Ms. Way had directed her to replace Plaintiff on the schedule with another technician who was a white female.

19. A meeting was subsequently held with Ms. Way and Ms. Johnson, in which Ms. Way informed Plaintiff that she didn't like her accent and asked if Plaintiff was going to tell her where she was from.

20. After the meeting Plaintiff was notified by her supervisor that the owner wanted her to be completely removed from the schedule. However, Plaintiff' supervisor was able to keep Plaintiff on the schedule for three days per week.

21. In January 2017, Plaintiff was called to the office by Ms. Ogrodnik who notified Plaintiff that her initial paperwork reflecting Plaintiff's employment status was "lost". Ms. Ogrodnik requested, that Plaintiff sign duplicate paperwork.

22. In approximately March 2017, another technician left her employment with Defendant, so Plaintiff was given additional hours, but she never received a full-time schedule again.

23. On, or about, June 13, 2017, Plaintiff was injured while on the job.

24. She immediately filled out an incident report and went to see her doctor, who instructed Plaintiff to stay home for five days.

25. During the time that she was off, someone from the doctor's office called Defendant to request insurance information.

26. Ms. Way picked up the phone and began yelling at the doctor's representative and said that she was not getting any f'ing insurance information.

27. When Plaintiff was cleared to return to work, with restrictions, she realized that she was having problems logging into the system.

28. Ms. Ogrodnik, called Plaintiff and told her that she should not come in for a few days.

29. She notified Plaintiff that Ms. Way said that you have restrictions, so we are taking you off.

30. Within a week, Plaintiff was notified that she was being terminated because of an incident that supposedly happened on Plaintiff's shift, that she was not involved in.

## COUNT I:
## VIOLATION OF TITLE VII OF CIVIL RIGHT ACT OF 1964: DISCRIMINATION BASED ON RACE

31. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-30 above as if set out in full herein.

32. Plaintiff is a member of a protected class of black citizens.

33. At all times material hereto, the Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful

employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

34. During the course of Plaintiff's employment with the Defendant, Plaintiff was subjected to a discriminatory, hostile and offensive work environment, which was substantially motivated by her race, as more fully described in paragraphs 8-31 of this Complaint.

35. The offensive and discriminatory conduct referred to in paragraphs 8-31 of this Complaint was offensive to Plaintiff and would be offensive to a reasonable person.

36. Plaintiff was terminated in June 2017.

37. Defendant's decision to discriminate against, and ultimately terminate Plaintiff was because of Plaintiff's race. Alternatively, Plaintiff's race was a motivating factor in Defendant's decision to discriminate against Plaintiff.

38. The Plaintiff was qualified for the position.

39. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

40. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

41. Defendant through its practices and policies as an employer, willfully, and

with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her race in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

42. Plaintiff's harassment by the Defendant and Plaintiff's termination from her employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of her race. Alternatively, Plaintiff's race was a motivating factor that made Defendant harass and terminate Plaintiff.

43. At the time of the unlawful discrimination, the Plaintiff did satisfactorily perform the essential functions assigned to her by the Defendant.

44. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant, is a mere pretext for the actual reasons for the termination from employment, Plaintiff's race.

45. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their race. Discrimination on the basis of race constitutes unlawful discrimination.

46. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff FAVOUR ADAMS respectfully requests that this court order the following:

 a. Enter judgment in Plaintiff's favor and against Defendant for its violations of Title VII;

 b. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c. Award Plaintiff compensatory damages under Title VII for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d. Award Plaintiff prejudgment interest on her damages award;

e. Award Plaintiff punitive damages according to proof;

f. Award Plaintiff reasonable costs and attorney's fees; and

g. Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT II:
## VIOLATION OF TITLE VII OF CIVIL RIGHT ACT OF 1964: DISCRIMINATION BASED ON NATIONAL ORIGIN

47. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-30 above as if set out in full herein.

48. Plaintiff is a person of Curacoan descent

49. At all times material hereto, the Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

50. During the course of Plaintiff's employment with the Defendant, Plaintiff

was subjected to a discriminatory, hostile and offensive work environment, which was substantially motivated by her national origin, as more fully described in paragraphs 8-31 of this Complaint.

51. The offensive and discriminatory conduct referred to in paragraphs 8-31 of this Complaint was offensive to Plaintiff and would be offensive to a reasonable person.

52. Plaintiff was terminated in June 2017.

53. Defendant's decision to discriminate against, and ultimately terminate Plaintiff was because of Plaintiff's national origin. Alternatively, Plaintiff's national origin was a motivating factor in Defendant's decision to discriminate against Plaintiff.

54. The Plaintiff was qualified for the position.

55. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

56. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

57. Defendant through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her national origin in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

58. Plaintiff's harassment by the Defendant and Plaintiff's termination from her employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of her national origin. Alternatively, Plaintiff's national origin was a motivating factor that made Defendant harass and terminate Plaintiff.

59. At the time of the unlawful discrimination, the Plaintiff did satisfactorily

perform the essential functions assigned to her by the Defendant.

60. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant, is a mere pretext for the actual reasons for the termination from employment, Plaintiff's national origin.

61. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their national origin. Discrimination on the basis of national origin constitutes unlawful discrimination.

62. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff FAVOUR ADAMS respectfully requests that this court order the following:

a. Enter judgment in Plaintiff's favor and against Defendant for its violations of Title VII;

b. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c. Award Plaintiff compensatory damages under Title VII for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d. Award Plaintiff prejudgment interest on her damages award;

e. Award Plaintiff punitive damages according to proof;

f. Award Plaintiff reasonable costs and attorney's fees; and

g. Grant Plaintiff such other and further relief as this Court deems equitable and just.

**COUNT III:**
**VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 CHAPTER 760:**
**DISCRIMINATION BASED ON RACE**

63. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-30 and above as if set out in full herein.

64. At all times material hereto, the Employer/Defendant failed to comply with the Florida Civil Rights Act of 1992 [Florida Statutes Section 760.10] which states,

> *"It is an unlawful employment practice for an employer: To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race*, color, *religion, sex, national origin, age, handicap, or marital status"*

65. Plaintiff is a member of a protected class of black citizens

66. Defendant's decision to discriminate against Plaintiff was because of her race. Alternatively, Plaintiff's race was a motivating factor that caused Defendant to discriminate against Plaintiff.

67. At all relevant times aforementioned, including the time of discrimination, Defendant was aware that Plaintiff was black.

68. At the time of the unlawful discrimination, the Plaintiff did satisfactorily perform the essential functions assigned to her by the Defendant.

69. The Plaintiff was qualified for the position apart from her apparent race.

70. The Plaintiff was discriminated against by Defendant's owner, Marisa Way, because she was black.

71. The Defendant is a sophisticated employer who has actual knowledge of the requirements of the Florida Civil Rights Act, Chapter 760.

72. The failure of Defendant to adhere to the mandates of the Act was willful and

its violations of the provisions of the Act were willful.

73. Defendant through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's State protected rights, discriminated against Plaintiff because of her race in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

74. Plaintiff was wrongfully terminated by the Defendant and Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of Plaintiff's race.

75. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental anguish, humiliation, and pain and suffering.

76. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant is a mere pretext for the actual reasons for the termination from employment, Plaintiff's race.

77. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their national origin. Discrimination on the basis of national origin constitutes unlawful discrimination in violation of the Florida Civil Rights Act, Chapter 760.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff FAVOUR ADAMS respectfully requests that this court order the following:

   a. Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

    b. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

    c. Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

    d. Award Plaintiff prejudgment interest on her damages award;

    e. Award Plaintiff punitive damages according to proof;

    f. Award Plaintiff reasonable costs and attorney's fees; and

    g. Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT IV:
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 CHAPTER 760: DISCRIMINATION BASED ON NATIONAL ORIGIN

78. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-30 and above as if set out in full herein.

79. At all times material hereto, the Employer/Defendant failed to comply with the Florida Civil Rights Act of 1992 [Florida Statutes Section 760.10] which states,

> "*It is an unlawful employment practice for an employer: To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race*, color, *religion, sex, national origin, age, handicap, or marital status*"

80. Defendant's decision to discriminate against Plaintiff was because of her national origin. Alternatively, Plaintiff's national origin was a motivating factor that caused Defendant to discriminate against Plaintiff.

81. At all relevant times aforementioned, including the time of discrimination, Defendant was aware that Plaintiff was of Curacoan descent.

82. At the time of the unlawful discrimination, the Plaintiff did satisfactorily

perform the essential functions assigned to her by the Defendant.

83. The Plaintiff was qualified for the position apart from her apparent national origin.

84. The Plaintiff was discriminated against by Defendant's owner, Marisa Way, because she was of Curacaoan decent.

85. The Defendant is a sophisticated employer who has actual knowledge of the requirements of the Florida Civil Rights Act, Chapter 760.

86. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

87. Defendant through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's State protected rights, discriminated against Plaintiff because of her national origin in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

88. Plaintiff was wrongfully terminated by the Defendant and Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of Plaintiff's national origin.

89. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental anguish, humiliation, and pain and suffering.

90. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant is a mere pretext for the actual reasons for the termination from employment, Plaintiff's national.

91. The Defendant's actions were malicious and were recklessly indifferent to

the Plaintiff's rights protecting a person from discrimination due to their national origin. Discrimination on the basis of national origin constitutes unlawful discrimination in violation of the Florida Civil Rights Act, Chapter 760.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff FAVOUR ADAMS respectfully requests that this court order the following:

a. Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

b. Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c. Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d. Award Plaintiff prejudgment interest on her damages award;

e. Award Plaintiff punitive damages according to proof;

f. Award Plaintiff reasonable costs and attorney's fees; and

g. Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT V:
## WRONGFUL TERMINATION IN VIOLATION OF FLA. STAT. § 440.205

92. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-30 and above as if set out in full herein.

93. Plaintiff's work prior to her discharge was satisfactory or more than satisfactory and the sole apparent reason for the termination of Plaintiff's employment was that Plaintiff sought or attempted to seek benefits under the workers' compensation law, as

Plaintiff was entitled to do.

94. The motivating factor, which caused the Plaintiff's discharge as described above, was the request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat. § 440 et. seq. In other words, the Plaintiff would not have been fired but for her claiming worker's compensation benefits as described above.

95. The Defendant's termination of the Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result, the Plaintiff has been damaged.

96. By reason of Defendant's wrongful discharge of Plaintiff, Plaintiff has been damaged in that Plaintiff has suffered lost wages and emotional distress.

97. The Defendant's conduct in wrongfully discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights and therefore Plaintiff is entitled to punitive damages.

**WHEREFORE**, the Plaintiff respectfully requests judgment against the Defendant for all back wages from the date of discharge to the present; front wages; reinstatement and promotion; injunctive relief prohibiting the Defendant from wrongfully discharging in the manner described above; compensatory mental damages; and for any and all other relief that this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated: September 17, 2019.

Respectfully submitted,

By: <u>  s/ Brandon J. Gibson         </u>
Brandon J. Gibson, Esq.
Fla. Bar No.: 99411
bgibson@bjglawfirm.com
The Law Office of Brandon J. Gibson, PLLC
3800 Inverrary Blvd., Ste. 401-T
Lauderhill, Florida 33319
Telephone: (754) 229-1151
Facsimile: (844) 761-1555